IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| EMMA CASERTA, | ) | |
| | ) | |
| Plaintiff | ) | 1:24-CV-00289-SPB |
| | ) | |
| vs. | ) | SUSAN PARADISE BAXTER |
| | ) | UNITED STATES DISRICT JUDGE |
| KUBOTA CORPORATION, a foreign | ) | |
| corporation; KUBOTA TRACTOR | ) | |
| CORPORATION, a foreign corporation; | ) | |
| KUBOTA MANUFACTURING OF | ) | |
| AMERICA CORPORATION, a foreign | ) | |
| corporation; PENNOCK'S SALES AND | ) | |
| SERVICES, INC., a Pennsylvania business | ) | |
| corporation, | ) | |
| | ) | |
| Defendants | ) | |

MEMORANDUM OPINION

Presently pending before the Court is a motion to remand (ECF No. 11) filed by Plaintiff Emma Caserta. For the reasons explained below, the Plaintiff's motion will be **GRANTED**.

I.    Introduction and Procedural History

In early September 2021, a 2004 Kubota RTV900 utility vehicle "UTV" driven by then-17-year-old Emma Caserta "Caserta" of Erie, Pennsylvania rolled over and crashed. ECF No. 11-2, p. 7, ¶¶17-18. Caserta was ejected from the UTV, injuring her spinal cord and leaving her paralyzed from the waist down. *Id.* at p.8, ¶¶19-21. On July 1, 2024, she filed this suit in Erie County Common Pleas court. *Id.* at p.14. Named as defendants are: (1) Kubota Corporation ("KBT"), a Japanese corporation with a principal place of business in Osaka, Japan; (2) Kubota Tractor Corporation ("KTC"), a corporation based in Grapevine, Texas and registered to do

business in Pennsylvania; (3) Kubota Manufacturing of America ("KMA"), a corporation organized and located in Gainesville, Georgia[1]; and (4) Pennock's Sales and Service, Inc. ("Pennock's"), a former Pennsylvania business based in McKean, PA, which Caserta claims originally sold the allegedly defective UTV. ECF No. 11, p.1. Caserta advances two claims sounding in state tort law: (1) strict liability for the defendants' respective roles in designing, building, marketing and selling the allegedly defective UTV; and (2) negligence on the part of the defendants for their respective roles in designing, building, marketing and selling the allegedly defective UTV. *Id.* at pp. 5-11, ¶¶23-46. She seeks damages in excess of $50,000 on both counts. ECF No. 11-2, ¶¶38, 46.

On October 16, 2024, Pennock's filed a motion for judgment on the pleadings requesting that the state court dismiss Pennock's from the suit, arguing, "[I]t is free from doubt that Pennock's had absolutely nothing to do with this lawsuit, the plaintiff, or the RTV at issue." ECF No. 1-7, p. 262.

On October 18, 2024, prior to a ruling on Pennock's motion, the Kubota Defendants removed the case to federal court in the Western District of Pennsylvania. ECF No. 1, p. 2. Pennock's did not request nor consent to the removal. *Id.*

On November 18, 2024, Caserta moved to remand the case to the Erie County Court of Common Pleas. ECF No. 11, p. 1. Caserta claims the case was improperly removed for three reasons: (1) the removal was untimely; (2) Pennock's did not consent to removal; and (3) based on Pennock's inclusion as a defendant, complete diversity of citizenship does not exist. *Id.* at p.2. In support of her position that Defendant Pennock's is a proper party to this action, Caserta

---

[1] KBT, KTC, and KMA will be collectively referred to as the "Kubota Defendants."

Case 1:24-cv-00289-SPB    Document 22    Filed 07/11/25    Page 3 of 5

provides an affidavit from Bonnie Wagner stating that her husband, Ed Wagner, purchased the Kubota UTV new from Pennock's. ECF No. 11-2, p.2.

The Kubota Defendants contend that Pennock's was fraudulently joined as a party since the local business had nothing to do with the UTV in question -- instead, the vehicle was sold by Rammelt and Sons, a dealer in Westfield, New York. ECF No. 1-7, p. 262. Evidence presented in support of this argument includes an affidavit from the former owner of Pennock's explaining he never sold the UTV in question and never had a contract to sell that type of vehicle (ECF No. 1-4 at pp. 8-9), dealership records showing Kubota shipped the UTV to Rammelt and Sons which then sold the vehicle to Ed Wagner, (*id.* at pp. 10-11), and an affidavit from Todd Bechtel, a Senior National Technical Services Manager at KTC, stating that Kubota's records show the UTV was distributed to Rammelt and Sons and sold to Ed Wagner. *Id.* at pp. 13-14. The Kubota Defendants contend that removal was proper because Pennock's was, "improperly named as a party for the sole purpose of defeating diversity jurisdiction." ECF No. 13, p. 4.

II.    Standard of Review: Motion to Remand

A motion to remand presents a question of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). 28 U.S.C. §1441 governs removal of civil actions. It states that cases where federal jurisdiction is based solely on diversity of the parties, "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441 (2012). Further, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.* 770 F.2d 26, 29 (3d

3

Cir. 1985). The court's review at this early stage of litigation is deferential to the party seeking

remand, less stringent, even, than the court's review of a motion to dismiss. *See Batoff v. State*

*Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) ("The inquiry into the validity of a complaint

triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible

when a party makes a claim of fraudulent joinder."). Although federal courts may "look to more

than just the pleading allegations to identify indicia of fraudulent joinder," *In re Briscoe*, 448

F.3d 201, 219 (3d Cir. 2006), they must exercise restraint, being careful not to step, "from the

threshold jurisdictional issue into a decision on the merits." *Boyer v. Snap-On Tools Corp.*, 913

F.2d 108, 112 (3d Cir. 1990). Thus, "a removing defendant ... who charges that the plaintiff

...has fraudulently joined a party in order to destroy diversity jurisdiction, has a heavy burden of

persuasion." *Steel Valley Authority v. Union Switch and Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d

Cir. 1987).


## III.    Discussion and Analysis

Although Caserta offers three theories in favor of remand, the Court must only consider

one to decide the question. Because the filings of the parties present a disputed factual question,

the case should be remanded for further proceedings in the Erie County Court of Common Pleas.

The propriety of removal hinges on whether Pennock's is a properly joined party. If it is,

the parties are not completely diverse, and the federal court lacks jurisdiction. Without

Pennock's, the remaining parties are diverse and federal jurisdiction could be proper. As noted,

in support of her claim that Pennock's is properly joined, Caserta submitted an affidavit from the

wife of the original purchaser of the UTV in question, stating he purchased the vehicle from

Pennock's. ECF No. 11-2, p.2. Defendants, meanwhile, submitted affidavits and sales records

supporting their position that the UTV was sold by a New York dealer and Pennock's was not involved in the sale in any way. ECF No. 1-4.

Although Defendants properly note that the Court can "pierce the pleadings" to determine whether the plaintiff has stated a claim against a non-diverse defendant, *see Briscoe,* 448 F.3d at 218, Defendants here ask this Court to go further. To deny remand, the Court would be required to weigh the contradictory evidence to determine whether the affidavit of Ms. Wagner or the affidavits and sales documents presented by the Defendants offer the more compelling argument. This the Court must not do. Making this credibility determination would result in a decision on the merits, stepping beyond the threshold issue the Court is asked to decide. "[W]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *Boyer,* 913 F.2d at 113. Federal courts must exercise restraint and limit their jurisdiction only to those cases and controversies allowed by the Constitution and statutes. *Kokkonen,* 511 U.S. at 377. Although the Kubota Defendants' assertions that Pennock's is improperly joined may ultimately succeed on the merits, that question is not for this Court to decide. Instead, because the Court's review is deferential, presenting a "heavy burden of persuasion" on defendants, *Steel Valley,* 809 F.2d at 1012, and because "all doubts should be resolved in favor of remand," *Abels,* 770 F.2d at 29, the case will be remanded forthwith to the Court of Common Pleas for further proceedings.

An appropriate Order follows.